OPINION
Defendant-appellant Daryl Terry appeals from his conviction and sentence, following a no-contest plea, on one count of possession or use of crack cocaine. Terry contends that the trial court erred by denying his request, at a suppression hearing, to view the car he was driving when he was stopped, or, in the alternative, to admit the car into evidence. The stop leading to Terry's arrest was made on suspicion that his windows were too darkly tinted, in violation of R.C. 4513.99(A). Terry argues the trial court abused its discretion when it denied his request, because the appearance of the car's windows was material to the issue whether the stopping police officer had a reasonable and articulable suspicion sufficient to justify the stop. The State argues that the trial court did not abuse its discretion. The State argues that the appearance of the car windows five months later, in daylight, was of limited relevance to the issue whether the stopping police officer had a reasonable and articulable suspicion that the windows were too darkly tinted. We conclude that the trial court did not abuse its discretion in denying Terry's request. Accordingly, the judgment of the trial court isAffirmed.
 I
At about 1:00 a.m., Dayton police officer Steven Bergman noticed a car being driven by Terry in the city limits of Dayton Ohio. Bergman decided to stop the car, because the car's tinted windows were "extremely dark." Bergman testified that his only reason for stopping the car was because of the overly tinted windows.
Following the stop, Bergman discovered that Terry had no driver's license. A strong odor of marijuana was coming from the car. A baggie of crack cocaine was found under, or in the folds of, a blanket on the driver's seat of the car. Terry was then arrested for possession of drugs. An inventory search of the car followed, which disclosed drug paraphernalia in the console, and another baggie of crack cocaine where Terry had been sitting.
Terry was cited for the window tint violation and failure to display his driver's license. Subsequently, he was indicted upon two counts of possession of crack cocaine.
Terry moved to suppress the evidence, contending that it was obtained as the result of an unlawful stop. During his suppression hearing, Terry requested that the trial court examine his car, which was parked outside the courthouse, or, in the alternative, admit the car into evidence. The suppression hearing occurred on June 17, 1999. The stop was on December 27, 1998. The trial court denied Terry's request that the trial court examine the car windows, or admit the car into evidence.
Bergman and Terry both testified at the suppression hearing. Following the hearing, the trial court denied Terry's motion to suppress. Thereafter, Terry pled no contest to one count of possession of crack cocaine, and the other count was dismissed by the State. Terry was found guilty and sentenced accordingly. From his conviction and sentence, Terry appeals.
 II
Terry's sole assignment of error is as follows:
 WHEN THE SOLE ALLEGED REASON FOR A DEFENDANT'S STOP IS OVERLY TINED CAR WINDOWS, THE TRIAL COURT COMMITS PREJUDICIAL AND REVERSIBLE ERROR IN NOT VIEWING SAID CAR WINDOWS AND IN NOT ADMITTING SAID CAR INTO EVIDENCE.
After both sides had presented their evidence at the suppression hearing, the following colloquy occurred:
 MR. LITTLE [representing Terry]: Uh, . . . Your Honor, the only other evidence at this point we would, uh . . . respectfully move this Honorable Court, uh . . . to view the motor vehicle that Mr. Terry has identified as in his possession and that he's parked in front of the Courthouse, which was the motor vehicle in question, uh . . . for the purpose of observing the car and particularly the windows in the car.
 MR. POHLMAN: [representing the State]: Your Honor, with all due respect . . .
JUDGE BROWN: I'm listening. Go ahead.
 MR. POHLMAN: We are not trying a window tint case. Uh . . . granted, the Defendant has been cited for a window tint violation under a Municipal Ordinance, and that there is testimony before you by the officer that, in fact, the windows had been tinted, and that the tint was dark, and Mr. — and the — and the Defense wants to quibble as to what amount of tint is, uh . . . too much.
 However, Judge, that issue as to the amount of the tint and whether or not [it] satisfies a Municipal Ordinance really is not relevant to this Court.
 MR. LITTLE: May I just be very briefly heard, Your Honor?
 JUDGE BROWN: Yes, Jack, [sic — Mr. Little's first name is Don] you may.
 MR. LITTLE: Uh . . . the Motion to Suppress in this case was directed at two related but separate issues. Number one, whether or not there was a reasonable — an articulable reason for the stop. And, number two, whether there was probable cause for search after the stop.
 The officer has testified his only grounds for st — — uh. . . stopping was the dark tinted windows. Uh. . . therefore, whether that was a reasonable stop depends on what the condition of these windows — and all we're asking the Court to do is simply view, uh . . . the vehicle in question.
 JUDGE BROWN: Well, we've got a very basic evidence question here to start with. At least, my understanding of the Ru — the — the law of evidence is that for Exhibits such as this to be admissible, they must be taken under like or similar circumstances.
 These photographs were taken at 7:30 the evening when — I think the Court can take judicial notice that 7:30 in the evening three weeks ago would have been the last week of May, it is quite daylight at that point in time. The stop in this instance was tak — took place at 1:00 A.M. back in December. And, again, I think the Court can take judicial notice that it's quite dark at that point in time, although augmented by so — whatever light, artificial light, may present [sic]. The lighting conditions are entirely different.
 I am reaching that because while the Court has — you haven't moved the admission of the Exhibits . . .
 MR. LITTLE: Not yet, but I will. Let's — just for the purpose of the record, let me do that now.
 JUDGE BROWN: All right, but I'm having reservations about whether they're admissible even under that Rule.
 MR. LITTLE: I understand, but i — — in order — order to make the issue . . .
JUDGE BROWN: I understand that . . .
MR. LITTLE: Okay.
 JUDGE BROWN: . . . I have reservations about that, but I have deeper reservations about me observing the car at 12:00 Noon, on a bright daylight day. It would be entirely different than what this officer had to see at 1:00 A.M. in December.
 I'm going to decline to look at the — the car because this — the conditions are so — so — so different that I — I can't say — say that it would be of any help to me. And I'm — I am going to — for what they're worth, I'm going to admit the Exhibits [photographs of the car], but I'm — keep in mind that I — th — I have this reservation about them, Mr. Little, and we'll speak to it appropriately.
MR. POHLMAN: Mr. Little moves to admit; I object . . .
JUDGE BROWN: I understand.
MR. POHLMAN: . . . for obvious reasons, Your Honor.
 JUDGE BROWN: I'm the o — admit them with — subject to that reservation.
MR. LITTLE: Judge, "A" through "F" were admitted?
JUDGE BROWN: Admitted.
 MR. LITTLE: But the Court is overruling the Motion to view the car?
JUDGE BROWN: Right. Because of the reasons stated.
 MR. LITTLE: I — I understand. And let — let the record reflect that not only do I want th — no — not only did I want the Court to view the car, but for it to be considered as — as evidence. And just — excuse me, Your Honor, in my old age here I don't want to stand up for some reason.
 Uh . . . I — I have heard the Court's arguments, and I appreciate the Court's . . .
JUDGE BROWN: That's not — not meant as an argument.
 MR. LITTLE: Uh . . . excuse me. The Court's statements and, uh . . . I appreciate the Court's statements. My view of it, I guess, would be the uh . . . opposite of the Court's view. My view is that at 1:00 A.M. in the morning it would mu — would be much more difficult to determine whether a window tint was too dark, because it is, in fact, dark. And, uh . . ., uh . . . I think a view of these windows would help the Court to see how darkly tinted they were at any time. And I think the Court is wise enough and experienced enough to understand there's a difference between now, which is, I guess, for the purpose of the record about, uh . . . 12:50 — what time is it?
JUDGE BROWN: Eleven-fifty.
 MR. LITTLE: El — 11:51 A.M. And, uh . . . 1:00 A.M. at night and, uh . . . so, I would once again renew the Motion for the Court to look at the car and to consider same as evidence.
 JUDGE BROWN: Well, I — I understand that, but I'm going to stand with the ruling.
It should be noted that Terry testified that the car was in the same condition at the time of the suppression hearing as it had been on the night he was stopped.
Terry contends that the trial court abused its discretion by denying his request to view the car, or, in the alternative, to consider the car as evidence.
We are persuaded that the trial court did not abuse its discretion. The issue in the suppression hearing was not whether Terry's windows, on the night in question, were, in fact, too darkly tinted. To the contrary, the issue was whether Bergman, based on his observation of the car at 1:00 a.m. in the morning, had a reasonable and articulable suspicion that the windows were overly tinted. Terry argued to the trial court that Bergman was in a worse position at the time of the stop to determine whether the windows were overly tinted, than the trial court was at the time of the suppression hearing. That argument, in our view, works against Terry. Bergman was not required, as a predicate for effecting the stop, to conclude, beyond reasonable doubt, that Terry's windows were overly tinted. He was merely required to have a reasonable and articulable suspicion, based upon his observations, that Terry's windows were unlawfully tinted. See,State v. Williams (Nov. 21, 1997), Montgomery App. 16306, unreported, at 3. In our view, then, the issue for the trial court, in considering Terry's request, was whether its view of the car in broad daylight, assuming the truth of Terry's testimony that the condition of the car was unchanged, would assist the trial court in determining whether Terry's observation of the car at 1:00 in the morning, five months earlier, would have produced in the mind of the officer a reasonable and articulable suspicion that the windows were overly tinted. We cannot say that the trial court abused its discretion in concluding that the likelihood was that its view of the car under very different lighting conditions would not have assisted in determining the issue before it.
Initially, Terry was merely requesting that the trial court view the car, which we would take to be comparable to a view of a scene; that is, it was not intended to constitute evidence, but to assist the trier of fact in evaluating the evidence.
The determination whether a view, which places some logistical burden on the court, albeit, in this instance, a small burden, will be of sufficient assistance to justify the expenditure of the trial court's time and effort necessarily involves the exercise of discretion by the trial court.
Needless to say, the admission of a car into evidence would create a substantial administrative burden on the court. When Terry's trial counsel ultimately made the request that the car be considered as evidence, which presumably meant that it would have to be admitted into evidence and kept as evidence, if for no other reason than to facilitate appellate review, the trial court was faced with a potentially substantial administrative burden. Again, this burden had to be weighed against the probative value of the evidence. We cannot say that the trial court abused its discretion by concluding that the great difference in lighting conditions attenuated the probative value of this evidence to the extent that its probative value did not outweigh the administrative burdens that admission of the evidence would entail.
Terry's sole assignment of error is overruled.
 III
Terry's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 ___________________________ FAIN, J.
BROGAN and WOLFF, JJ., concur.